**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Linda L. Gallup, | ) | No. CV-07-1241-PHX-DGC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Alice Maria Nail; Dairyland Insurance Company; Yuma Regional Medical Center; City of Yuma Police and Fire Departments; Rural Metro Corporation; Pioneers Memorial Health Care District; Imperial Cardiac Center; and United States of America, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Defendant United States of America has filed a motion to dismiss. Dkt. #4. The Court will grant the motion and remand this action to state court.

**I.   Background.**

Plaintiff originally filed this action in state court against Alice Nail, Dairyland Insurance Company, Yuma Regional Medical Center, City of Yuma Police and Fire Departments, Rural Metro Corporation, Pioneers Memorial Health Care District, Imperial Cardiac Center, and Clinicas De Salud Del Pueblo, Inc. ("Clinicas De Salud"). Plaintiff filed an amended complaint, alleging that she was struck and injured by a car driven by Defendant Nail, that Defendant Dairyland Insurance Company has failed to pay her for the injuries she

sustained, and that the other Defendants falsified accident and medical reports. The amended complaint asserts various state law tort claims. Dkt. #1-4.

Clinicas De Salud is a federally-assisted health care center. The United States Department of Health and Human Services ("HHS") deemed Clinicas De Salud to be an employee of the Public Health Service of HHS. Dkt. #1 ¶ 3. The United States Attorney for the District of Arizona, as designee for the Attorney General, certified that Clinicas De Salud was acting within the scope of its federal employment status at all times relevant to this action. *Id.* ¶ 4. Pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c) and (g), the action was removed to this Court and the United States was substituted as Defendant for Clinicas De Salud. Dkt. ##1-2.

## II.     The United States' Motion to Dismiss.

Under the Federal Tort Claims Act ("FTCA"), an action cannot be brought against the United States unless "a claimant shall have first presented the claim to the appropriate Federal agency" and been denied recovery. 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) ("The [FTCA] requirement of an administrative claim is jurisdictional."). The United States has submitted a declaration from HHS that no such administrative claim has been filed by Plaintiff. Dkt. #5-2. The United States moves to dismiss the complaint because Plaintiff has not met this jurisdictional requirement. Dkt. ##4-5.

## III.    Plaintiff's Failure to Respond.

The United States filed and served its motion on June 25, 2007. Dkt. #4. Pursuant to the Court's Local Rules of Civil Procedure, Plaintiff was required to file a response by July 30, 2007. LRCiv 7.2(c), 12.1(b), 56.1(d); *see* Fed. R. Civ. P. 6(e). The Court extended this deadline to August 17, 2007. Dkt. #9 at 2. The Court explicitly warned Plaintiff that her failure to respond may be deemed a consent to the granting of the motion. *Id.* at 1-2 (citing LRCiv 7.2(i); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)). The Court also warned

1  Plaintiff that her failure to prosecute this action or comply with the Court's orders may be
2  grounds for dismissal of the action. *Id.* (citing Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963
3  F.2d 1258, 1260 (9th Cir.1992)). Despite these warnings and the extension of time, Plaintiff
4  has not responded to the motion.

5  Before dismissing a case for failure to prosecute or follow a local rule or court order,
6  the Court must weigh five factors: the public's interest in expeditious resolution of litigation,
7  the Court's need to manage its docket, the risk of prejudice to the defendants, the policy
8  favoring disposition of cases on their merits, and the availability of less drastic sanctions.
9  *See Ghazali*, 46 F.3d at 53 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.
10 1986)).

11 The first two factors favor dismissal. Plaintiff was served with the United States'
12 motion nearly two months ago. Plaintiff has had ample time to respond to the motion, but
13 has failed to do so. Because the Court and the public have a strong interest in judicial
14 efficiency and the prompt resolution of litigation, Plaintiff's failure to prosecute this action
15 weighs in favor of dismissal. The risk of prejudice to Defendants also weighs in favor of
16 dismissal. Defendants forced to incur expenses and defend themselves in court are
17 prejudiced by a plaintiff's failure to respond to motions or prosecute the case in a timely and
18 efficient manner. The fourth factor, as always, weighs against dismissal. As for the fifth
19 factor, the Court concludes that a dismissal with prejudice would be unduly harsh. Deeming
20 Plaintiff's lack of response a consent to the granting of the United States' motion is, however,
21 an appropriate alternative sanction. The Court will grant the motion to dismiss.

22 **IV.    Supplemental Jurisdiction.**

23 When all federal claims are eliminated early in a case and only state claims remain,
24 the district court has "a powerful reason to choose not to continue to exercise jurisdiction."
25 *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348 (1988); *see* 28 U.S.C. § 1367(c)(3).
26 Indeed, "it is generally preferable for a district court to remand remaining pendent claims to
27 state court[.]" *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *see* 28
28 U.S.C. § 1447(c). Upon dismissal of the claim against the United States, the state claims

against the other Defendants will still remain, but the grounds for federal question jurisdiction will no longer exist. Because the litigation is at an early stage, the Court will not exercise supplemental jurisdiction over the remaining state claims.

**IT IS ORDERED:**

1. Defendant United States of America's motion to dismiss (Dkt. #4) is **granted**.

2. The Clerk shall **remand** this action to state court.

DATED this 23rd day of August, 2007.

David G. Campbell
United States District Judge